**NOT FOR PUBLICATION**                                      [Docket No. 14]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____    :
                                        :
ERIC POTTER,                            :
                                        :
            Plaintiff,                  :   Civil Action No. 05-3971 (RMB)
                                        :
        v.                              :   **OPINION**
                                        :
KAREN BALICKI, et al.,                  :
                                        :
            Defendants.                 :
_____     :

APPEARANCES:

Eric Potter
NORTHERN STATE PRISON
E-1-W-110
P.O. BOX 2300
Newark, New Jersey 07114
        Plaintiff Pro Se

Keith S. Massey, Jr., Esquire
Office of the NJ Attorney General
Department of Law & Public Safety
P.O. Box 112
Trenton, New Jersey 08625
        Attorney for Defendants

**BUMB**, United States District Judge:

**Introduction:**

This matter comes before the Court upon the Defendant's, Karen Balicki, Motion to Dismiss in Lieu of an Answer Pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for Summary Judgment.

1

The Court has read the submissions of Defendant Balicki and the Plaintiff, Eric Potter, appearing pro se.  The Plaintiff, Eric Potter, is an inmate who was previously incarcerated at the South Woods State Prison ("SWSP") in the State of New Jersey.  (Compl. ¶ 2). Defendant Karen Balicki is the Associate Administrator at SWSP and is responsible for the prison's operation and management.  (Id. at ¶ 3.)

Potter alleges that the Defendant has denied him visits from his fiancee in violation of the Equal Protection Clause of the Fourteenth Amendment.  He alleges that the reasons given by Defendant have been inconsistent and fabricated. (Plaintiff's Opp. Br. at 5).  Potter also alleges that his legal mail has been opened outside his presence.  The Plaintiff seeks injunctive relief and compensatory damages on both these claims.[1]

**Applicable Standards**:

Defendant Balicki moves to dismiss the Complaint pursuant to

---

[1] Plaintiff has subsequently been moved to Northern State Prison in Newark, New Jersey [Docket No. 16].  Because Plaintiff has been transferred, his requests for declaratory and injunctive relief are rendered moot.  Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also, Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").  His requests for damages, however, survive.  See Allah v. Seiverling, 229 F.3d 220, 222 n.2 (3d Cir. 2000).

Fed. R. Civ. P. 12(b)(6).[2]  "Dismissal of a complaint pursuant to Rule 12(b)(6) is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Hackensack Riverkeeper, Inc. v. Del. Ostego Corp., 450 F. Supp. 2d 467, 484 (D.N.J. 2006) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).  The allegations contained in the complaint will be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  Plaintiff will also be "given the benefit of every favorable inference that can be drawn from those allegations." Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  However, the plaintiff must make factual allegations and cannot rely on "conclusory recitations of law." Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 179 (3d Cir. 1988).

**Discussion**:

   *a) Exhaustion*

   Defendant first alleges that the Complaint should be dismissed because Plaintiff Potter has failed to exhaust all available administrative remedies before bringing suit.  The relevant statute, the Prison Litigation Reform Act ("PLRA"), states, in relevant part:

---

   [2]   Plaintiff also moves for summary judgment pursuant to Fe. R. Civ. P. 56.  For the reasons discussed herein, summary judgment need not be addressed.

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C. § 1997e(a).

Defendant admits that Plaintiff Potter has exhausted his claims on the visitation issue, but argues that he has not done so on the legal mail issue. (Def's Br. at 10). Thus, Defendant argues, the Complaint should be dismissed under the rule of "total exhaustion."

Defendant's argument has been rejected by the Supreme Court's recent decision, Jones v. Bock, 127 S. Ct. 910 (2007), decided after the Defendant's motion was filed. In Jones, the Court held that claims that have been exhausted should be considered and only unexhausted claims should be dismissed. Id. at 925-26; see also Walker v. Zenk, 2007 U.S. App. LEXIS 3445 at *2 (3d Cir. Feb. 15, 2007)(same). Because Plaintiff has exhausted his claims regarding visitation, as admitted by Defendant, that claim will not be dismissed pursuant to Defendant's total exhaustion argument.

However, Defendant argues, and Plaintiff does not refute, that he has not properly exhausted his legal mail claim. Instead, Plaintiff argues that such exhaustion would be futile as "this was an issue that could not [be] resolved by an Administrative Remedy Form." (Pl.'s Opp. Br. at 6). However, the

4

PLRA is clear - all claims must be exhausted even if the administrative process cannot provide the desired remedy.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (stating that the exhaustion requirement applies "regardless of the relief offered by the administrative process."); Nyhuis v. Reno, 204 F.3d 65, 78 ("we are not prepared to read the amended language in § 1997e(a) as meaning anything other than what it says - i.e., that no action shall be brought in federal court until such administrative remedies as are available have been exhausted."); see also Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (discussing Third Circuit's rejection of futility argument in Nyhuis).

Thus, because Plaintiff has not exhausted his remedies with regard to legal mail, this claim must be dismissed.  If, however, Plaintiff did exhaust his remedies with regard to this claim but has simply failed to argue that herein, he shall have thirty (30) days from the date of this Opinion and Order to re-file with regard to his legal mail claim.

b) *Visitation Claim*

Defendant asserts that Plaintiff's vague claim that he was denied Equal Protection under the Fourteenth Amendment should be dismissed.  Plaintiff's claim for denial of visitation cannot survive on Equal Protection grounds.  In order for claims

regarding a violation of Equal Protection to survive, Plaintiff must allege that Defendant intentionally or purposefully discriminated against him.  Village of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 264-22 (1977).  Plaintiff has made no such allegations indicating that the denial of visitation was based on intentional or purposeful discrimination or even that he is a member of a protected class.  See Coletta v. Bd. of Freeholders, 2007 U.S. Dist. LEXIS 2717 *24-25 (D.N.J. Jan. 12, 2007) (denying equal protection claim where plaintiff did not aver his protected class).  Therefore, his visitation claim will be dismissed for failure to state a claim.

Moreover, if Plaintiff is asserting his visitation claim pursuant to the First Amendment, the contours of that claim are unclear.  However, as leave to amend a complaint should be freely given when justice so requires, Fed. R. Civ. P. 15(a), Plaintiff shall have thirty (30) days to amend his Complaint.  See Frasier v. General Elec. Co., 930 F.2d 1004, 1008 (2d Cir. 1991) (stating that courts are to accord pro se plaintiffs greater flexibility in amending their complaints).  If Plaintiff chooses to amend his Complaint to state such a claim, the Court is mindful that when a prison regulation or practice impinges on inmates' or free citizens' speech and association rights, "the regulation is valid if it is reasonably related to legitimate penological interest."

Turner v. Safley, 482 U.S. 78, 89 (1987).  Unless Plaintiff can ultimately show that there is no rational basis for the restriction on visitation, such a claim necessarily fails.[3]

**Conclusion:**

In light of the foregoing, Plaintiff's claims will be dismissed without prejudice.  Plaintiff has thirty (30) days from the date of this Opinion and Order to amend his Complaint for the reasons discussed above.

An accompanying Order will issue this date.

Dated: May 3, 2007                s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  United States District Judge

---

[3] Because this Court is dismissing Plaintiff's claims with leave to amend, it need not discuss Defendant's qualified immunity arguement at this juncture.