**NOT FOR PUBLICATION**                                    [Docket No. 22]

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____  :
                                 :
ERIC POTTER,                     :
                                 :
              Plaintiff,         :    Civil No. 05-3971 (RMB)
                                 :
         v.                      :    MEMORANDUM AND ORDER
                                 :
KAREN BALICKI, et al.,           :
                                 :
              Defendants.        :
_____  :
```

This matter comes before the Court upon the Defendant's, Karen Balicki, Motion to Dismiss the Amended Complaint in Lieu of an Answer pursuant to Fed. R. Civ. P. 12 (b)(6). [Docket No. 22]. This matter has previously been addressed by the Court in a prior Opinion. [Docket No. 17].

The plaintiff, Eric Potter, is an inmate currently in the custody of the New Jersey Department of Corrections.  He has brought suit under 42 U.S.C. § 1983 alleging that he was improperly denied visitation with his purported fiancee.

At the time of Potter's Complaint, he was confined to South Woods State Prison.  Compl. at ¶ 2.  Plaintiff claims that he attempted to add his fiancee, Sara Bagley, to his visit list, and was told she was on the "banned list."  Compl. at ¶ 7.  He claims to have then appealed the decision and discovered that his

1

fiancee was not on the "banned list," but she was still not permitted to visit with him.  Compl. at ¶ 8.  Plaintiff then received a memorandum, which he appended to his pleadings, which indicated that his fiancee was not permitted to visit because she was an ex-offender, and ex-offenders are only permitted to visit if they are relatives, as defined by the New Jersey Administrative Code.  Compl. at ¶ 9, Memorandum from Karen Balicki, dated July 21, 2005, and appended to Plaintiff's Complaint.

Plaintiff's Complaint was filed on September 16, 2005.  On May 3, 2007, the Court granted a previous motion to dismiss made by the Defendant, but gave Plaintiff thirty days to amend his Complaint "to add a First Amendment claim if appropriate."[1]

Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)(internal citations omitted).  Moreover,

---

[1]  The Court dismissed his Equal Protection Claim finding, in part, that the Plaintiff had failed to allege that he was a member of a suspect class or that the Defendants intentionally discriminated against him.

"[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts.  Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits

attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

Here, Defendant Balicki contends that the Amended Complaint fails to state a claim because Plaintiff's pleadings demonstrate that the reason his fiancee was not permitted to visit him was because she was both an ex-offender and not a relative.  Def.'s Br. at 4.  Yet, Plaintiff's pleadings aver to the contrary. Specifically, Plaintiff alleges that the reasons given by Defendant for refusing him visitation rights were fabricated, and that his fiancee was not on any banned list.  Thus, because this matter comes before the Court on a motion to dismiss, and there has been no discovery on this factual issue, this Court cannot find that Plaintiff has failed to state a claim at this juncture.

Accordingly, the Court will deny the motion to dismiss, but will order that the parties conduct expedited discovery on the issue of the reasons for the visitation ban, i.e., whether or not the reasons given by Defendant Balicki were fabricated as Plaintiff alleges.  If discovery demonstrates that Plaintiff's fiancee was, in fact, an ex-offender and not related to Plaintiff, this Court will entertain motion for summary judgment by the Defendant.

IT IS HEREBY **ORDERED** that Defendant's motion to dismiss is **DENIED**.

4

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
United States District Judge

Dated: March 19, 2008